FILED
JANUARY 29, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO SAFFORD, | ) |
| | ) |
| Plaintiff, | ) No. |
| | ) |
| vs. | ) Judge |
| | ) Magistrate Judge |
| CITY OF CHICAGO, | ) |
| Chicago Police Officers | ) |
| ELIEL ROA, Star 8618, | ) Jury Demand |
| JERRY DOSKOCZ, Star 6573, and | ) |
| Unknown Chicago Police Officers | ) |
| John Does and Jane Roes 1-10; | ) |
| | ) |
| Defendants. | ) |

**08 C 621**

**JUDGE KENNELLY**
**MAGISTRATE JUDGE MASON**

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. At all relevant times, Plaintiff was a resident of Chicago, Illinois.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8. On or about September 16, 2006, Plaintiff was driving his car near 1600 West Garfield Boulevard in Chicago.

9. Chicago police officers saw Plaintiff driving his car. The officers wanted to stop

Plaintiff.

10. Plaintiff drove to get away from the officers.

11. When Plaintiff stopped his car, he was hit from behind by a police vehicle being driven by Defendant-Officer DOSKOCZ.

12. Plaintiff got out of his car and ran.

13. Defendant-Officers chased Plaintiff and eventually caught him.

14. After they caught Plaintiff, Defendant-Officers severely beat him.

15. After this beating, Plaintiff was taken to the 9th district police station.

16. At the station, Plaintiff was given another severe beating by Defendant-Officers.

17. The police took Plaintiff to Mercy Hospital to receive treatment for the injuries from the multiple police beatings.

18. An Office of Professional Standards complaint was made; the case was assigned C.R. number 315566. An OPS investigator took pictures of Plaintiff's injuries.

19. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

20. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including emotional distress, physical pain and suffering, and pecuniary damages including medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

21. Plaintiff realleges paragraphs 1 through 20 as if fully set forth herein.

22. Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award compensatory and punitive damages, as determined at trial,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Failure to Intervene)

23. Plaintiff realleges paragraphs 1 through 20 as if fully set forth herein.

24. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

25. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award compensatory and punitive damages, as determined at trial,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

26. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

27. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595