UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO SAFFORD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 621 |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | Judge Kennelly |
| Chicago Police Officers | ) | |
| ELIEL ROA, Star 8618, | ) | Magistrate Judge Mason |
| JERRY DOSKOCZ, Star 6573, and | ) | |
| Unknown Chicago Police Officers | ) | Jury Demand |
| John Does and Jane Roes 1-10; | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago ("the City"), by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, answers plaintiff's complaint and states:

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

**ANSWER:** The City admits that this is a civil action seeking money damages and that plaintiff purports to bring Counts I and II of this complaint pursuant to 42 U.S.C. § 1983.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

**ANSWER:** The City admits the allegations in this paragraph.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** The City admits that venue is proper in this court pursuant to 28 U.S.C. § 1391(b) in that plaintiff alleges that the claims arose in this district.

**Parties**

4.  At all relevant times, Plaintiff was a resident of Chicago, Illinois.

**ANSWER:**  The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5.  Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:**  The City admits that Defendant Officers Roa and Doskcz are employed by the City as police officers. The City further admits, upon information and belief, that at all times relevant to the complaint, Defendant Officers Roa and Doskcz were acting in the scope of their employment and under color of state law. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

6.  The Defendant-Officers are sued in their individual capacities.

**ANSWER:**  The City admits that plaintiff purports to sue the Defendant Officers in their individual capacities.

7.  Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:**  The City admits that it is a municipal corporation duly incorporated under the laws of the State of Illinois. The City further admits Defendant Officers Roa and Doskocz are employed by the City as police officers. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

**Facts**

      8.    On or about September 16, 2006, Plaintiff was driving his car near 1600 West Garfield Boulevard in Chicago.

      **ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      9.    Chicago police officers saw Plaintiff driving his car. The officers wanted to stop Plaintiff.

      **ANSWER:**    The City admits that, according to Chicago Police Department documents, Chicago Police Department Officers attempted to curb plaintiff's car on September 16, 2006. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

      10.    Plaintiff drove to get away from the officers.

      **ANSWER:**    The City admits that, according to Chicago Police Department documents, plaintiff fled the scene. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

      11.    When Plaintiff stopped his car, he was hit from behind by a police vehicle being driven by Defendant-Officer DOSKOCZ.

      **ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      12.    Plaintiff got out of his car and ran.

**ANSWER:** The City admits, that according to Chicago Police Department documents, plaintiff jumped out of his vehicle and fled. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

13. Defendant-Officers chased Plaintiff and eventually caught him.

**ANSWER:** The City admits that, according to Chicago Police Department documents, plaintiff was apprehended and placed in custody by Chicago Police Department Officers. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

14. After they caught Plaintiff, Defendant-Officers severely beat him.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15. After this beating, Plaintiff was taken to the 9th district police station.

**ANSWER:** The City admits, that according to Chicago Police Department documents, plaintiff was taken to the 9th district police station. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

16. At the station, Plaintiff was given another severe beating by Defendant-Officers.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17. The police took Plaintiff to Mercy Hospital to receive treatment for the injuries from the multiple police beatings.

**ANSWER:** The City admits that, according to Chicago Police Department documents, Chicago Police Department Officers took plaintiff to Mercy Hospital on September 16, 2006. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

18. An Office of Professional Standards complaint was made; the case was assigned C.R. number 315566. An OPS investigator took pictures of Plaintiff's injuries.

**ANSWER:** The City admits, upon information and belief, that a complaint was made and assigned C.R. number 315566. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

19. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including emotional distress, physical pain and suffering, and pecuniary damages including medical expenses.

**ANSWER:** The City denies the allegations in this paragraph to the extent they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

This count is not directed at the City; therefore, the City answers the allegations in this count only to the extent that they are realleged in Count III.

21.     Plaintiff realleges paragraphs 1 through 20 as if fully set forth herein.

**ANSWER:**     The City restates and realleges its answers to each of the foregoing paragraphs as if stated here.

22.     Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

WHEREFORE, the City prays that this Honorable Court enter judgment in its favor on plaintiff's complaint, award it such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT II
### (42 U.S.C. § 1983 – Failure to Intervene)

This count is not directed at the City; therefore, the City answers the allegations in this count only to the extent that they are realleged in Count III.

23.     Plaintiff realleges paragraphs 1 through 20 as if fully set forth herein.

**ANSWER:**     The City restates and realleges its answers to paragraphs 1 through 20.

24.     While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25.   Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

WHEREFORE, the City prays that this Honorable Court enter judgment in its favor on plaintiff's complaint, award it such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

26.   The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27.   Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:**   The City states that the allegations in this paragraph are a vague, incomplete and/or inaccurate statement of the City's liability under Illinois law; therefore, this allegation is denied.

WHEREFORE, the City prays that this Honorable Court enter judgment in its favor on plaintiff's complaint, award it such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages when its employee or agent was acting outside the scope of his or her employment. 745 ILCS 10/9-102 (2006).

2. To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct.  745 ILCS 10/2-202 (2006).

3. Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it to the injured party or a third party.  745 ILCS 10/2-102 (2006).

4. The City is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204 (2006).

5. To the extent that plaintiff failed to mitigate his damages, any verdict or judgment awarded to plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

6. To the extent any injuries or damages claimed by plaintiff were proximately

caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case.

7. The City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2006).

8. The City is not liable under Section 1983 if plaintiff does not prove any violation of his constitutional rights. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

9. Under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the City is not vicariously liable under section 1983 for its employees' misconduct.

**Jury Demand**

The City requests a trial by jury.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
of the City of Chicago

BY:   /s/ Helen C. Gibbons
HELEN C. GIBBONS
Assistant Corporation Counsel

30 North LaSalle Street, Room 1020
Chicago, Illinois  60602
(312) 742-3541
Attorney No. 6292881