IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO SAFFORD, | ) | |
| | ) | Case No. 08 C 621 |
| Plaintiff, | ) | |
| | ) | Judge Kennelly |
| vs. | ) | |
| | ) | Magistrate Judge Mason |
| CITY OF CHICAGO, Chicago Police Officers | ) | |
| ELIEL ROA, Star 8618, JERRY DOSKOCZ, | ) | Jury Trial Demanded |
| Star 6573, and Unknown Chicago Police | ) | |
| Officers John Does and Jane Roes 1-10; | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS' ANSWER, DEFENSES
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendants, Eliel Roa and Jerry Doskocz ("Defendant Officers"), by and through one of their attorneys, Matthew R. Hader, Assistant Corporation Counsel for the City of Chicago, hereby submit the following Answer, Defenses and Jury Demand to Plaintiff's Complaint:

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

**ANSWER:** Defendant Officers[1] admit the allegations contained in paragraph 1.

2. Jurisdiction for Plaintiffs federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

**ANSWER:** Defendant Officers admit the allegations contained in paragraph 2 but deny any wrongful or illegal act.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** Defendant Officers admit that venue is proper but deny the remaining allegations contained in paragraph 3.

## Parties

4.      At all relevant times, Plaintiff was a resident of Chicago, Illinois

**ANSWER:**   Defendant Officers, upon information and belief, admit the allegations contained in paragraph 4.

5.      Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:**   Defendant Officers admit the allegations contained in paragraph 5 but deny and wrongful or illegal conduct.

6.      The Defendant-Officers are sued in their individual capacities.

**ANSWER:**   Defendant Officers admit the allegations contained in paragraph 6 but deny any wrongful or illegal act.

7.      Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:**   Defendant Officers admit the allegations contained in paragraph 7.

## Facts

8.      On or about September 16, 2006, Plaintiff was driving his car near 1600 West Garfield Boulevard in Chicago.

**ANSWER:**   Defendant Officers admit the plaintiff was driving a car near 1600 West Garfield Boulevard in Chicago on September 16, 2006, but deny the remaining allegations contained in paragraph 8.

9.      Chicago police officers saw Plaintiff driving his car. The officers wanted to stop Plaintiff.

---

[1] Defendant Officers Eliel Roa and Jerry Doskocz answer only for themselves and only to the extent that the allegations pertain to themselves. Defendant Officers make no answer for any other party to this lawsuit, named or unnamed.

**ANSWER:** Defendant Doskocz admits seeing plaintiff driving a car and admits that he wanted to stop plaintiff. Defendant Roa denies the allegations contained in paragraph 9.

10. Plaintiff drove to get away from the officers.

**ANSWER:** Defendant Officers admit the allegations contained in paragraph 10.

11. When Plaintiff stopped his car, he was hit from behind by a police vehicle being driven by Defendant-Officer DOSKOCZ.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 11.

12. Plaintiff got out of his car and ran.

**ANSWER:** Defendant Officers admit the allegations contained in paragraph 12.

13. Defendant-Officers chased Plaintiff and eventually caught him.

**ANSWER:** Defendant Doskocz admits the allegations contained in paragraph 13. Defendant Roa denies the allegations contained in paragraph 13.

14. After they caught Plaintiff, Defendant-Officers severely beat him.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 14.

15. After this beating, Plaintiff was taken to the 9th district police station.

**ANSWER:** Defendant Officers admit that plaintiff was taken to the 9th District Police Station. Defendant Officers deny the remaining allegations contained in paragraph 15.

16. At the station, Plaintiff was given another severe beating by Defendant-Officers.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 16.

17. The police took Plaintiff to Mercy Hospital to receive treatment for the injuries from the multiple police beatings.

**ANSWER:** Defendant Officers admit, upon information and belief, that plaintiff was taken to Mercy Hospital. Defendant Officers deny the remaining allegations contained in paragraph 17.

18. An Office of Professional Standards complaint was made; the case was assigned C.R. number 315566. An OPS investigator took pictures of Plaintiffs injuries.

**ANSWER:** Defendant Officers lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiffs rights.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 19.

20. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including emotional distress, physical pain and suffering, and pecuniary damages including medical expenses.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 20.

## COUNT I
### (42 U.S.C. § 1983 - Excessive Force)

21. Plaintiff realleges paragraphs 1 through 20 as if fully set forth herein.

**ANSWER:** Defendants restate their Answers for paragraphs 1 through 20 herein as their Answer to paragraph 21 of Count I as if fully stated herein.

22. Defendant-Officers violated Plaintiffs Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 22.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count I, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

## COUNT II
### (42 U.S.C. § 1983 - Failure to Intervene)

23. Plaintiff realleges paragraphs 1 through 20 as if fully set forth herein.

**ANSWER:** Defendants restate their Answers for paragraphs 1 through 20 herein as

4

their Answer to paragraph 23 of Count II as if fully stated herein.

24. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 24.

25. Defendant-Officers were deliberately indifferent to Plaintiffs right to be free from excessive and unreasonable force.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 25.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count II, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

## COUNT III
### (Indemnification Claim pursuant to 745ILCS 10/9-102)

26. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 26.

27. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 27.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count III, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

## DEFENSES, 12(b)(6) DEFENSES and AFFIRMATIVE DEFENSES

1. Defendant Officers are entitled to qualified immunity. Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times

5

material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed the amount of force used was lawful in light of clearly established law and the information that Defendant Officers possessed.  Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

    2.    To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful or wanton behavior, as opposed to "intentional" willful or wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.  *See Poole v. City of Rolling Meadows*, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill.Dec. 171 (Ill. 1995).

    3.    To the extent plaintiff failed to mitigate any of his claimed injuries or damages, evidenced by, but not limited to, plaintiff's refusal of medical treatment, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate and commensurate with the degree of that failure to mitigate attributed to plaintiff by the jury in this case.

    4.    Plaintiff's Counts I and II should be dismissed for failure to state a claim pursuant to the Fed. R. Civ. P. 12(b)(6).  Plaintiff has failed to present sufficient information and allegations to support such claims and has further failed to identify any particular individual who he accuses of committing such acts.  Counts I and II should therefore be dismissed for failure to state a claim.

5. Plaintiff's Count III should be dismissed, as there is no cause of action for "indemnification." Rather, indemnification provides for liability to an employer for the wrongful acts of an employee as a legal principle in Illinois but provides no separate or distinct cause of action. Count III should therefore be dismissed.

Respectfully submitted,

  s/ Matthew R. Hader
MATTHEW R. HADER
Assistant Corporation Counsel

30 North La Salle Street, Suite 1400
Chicago, Illinois 60602
(312) 742-9586
matt.hader@cityofchicago.org
Atty. No. 06284330

## CERTIFICATE OF SERVICE

I, Matthew R. Hader, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF FILING** and **DEFENDANT OFFICERS' ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT,** to be sent via e-filing to the person(s) named in the foregoing Notice, a "Filing User" pursuant to Case Management/Electronic Case Files, on April 18, 2008, in accordance with the rules governing the electronic filing of documents.

                                               s/ Matthew R. Hader
                                               MATTHEW R. HADER
                                               Assistant Corporation Counsel