IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO SAFFORD, | ) | 08 C 0621 |
| | ) | |
| Plaintiff, | ) | Judge Kennelly |
| | ) | |
| vs. | ) | |
| | ) | Magistrate Judge Mason |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**QUALIFIED HIPAA AND CONFIDENTIAL MATTER
PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c) and 45 C.F.R. §§ 160 & 164, and for the reasons set forth in the record, the Court hereby finds:

A.  The following words and terms are defined for purposes of this qualified protective order:

   1.  "Parties" shall mean plaintiff, defendant City of Chicago, the individual defendants, any additional party that this Court may subsequently recognize as subject to this qualified protective order, and their attorneys.

   2.  "HIPAA" shall mean Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2002).

   3.  "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2000).

   4.  "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual which identifies the individual or which reasonably could be expected to identify the individual.

   5.  When used in this Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, produced by a party pursuant to discovery, including but not limited to, documents produced by any party or non-party in this action whether pursuant to Federal Rule of Civil

                Procedure 34, subpoena, or by agreement, deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the foregoing.

       6.       "Confidential Matter" shall mean employment, disciplinary, financial, medical and other information that is of a sensitive or non-public nature regarding plaintiffs, defendants, non-party witnesses and non-party employees of the City of Chicago that may be subject to discovery in this action. "Confidential Matter" includes, but is not limited to, personnel files, disciplinary actions and histories, complaint histories, files generated by the investigation of complaints of alleged police misconduct (generally referred to as "Complaint Register" files), and related personnel information that is protected by the *Illinois Personnel Records Review Act*, 820 ILCS 40/0.01, *et seq.* and Section 7 of the *Illinois Freedom of Information Act*, 5 ILCS 140/1, *et seq.*, as well as personal and family information of police officers, including residential information.

B.       This Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as PHI and/or Confidential Matter.

       1.       The Parties shall be familiar with HIPAA and the Privacy Standards.

       2.       The Parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI and/or Confidential Matter of Parties and non-Parties to or from other Parties and non-Parties.

C.       The Parties will abide by the following terms and conditions:

       1.       The Parties will not use or disclose the PHI and/or Confidential Matter released in this proceeding for any other purpose or in any other proceeding.

       2.       The Parties will store all PHI in their possession according to the Privacy Standards.

       3.       The Parties shall, at the termination of this proceeding, return all PHI obtained during the course of this proceeding to the attorney representing the person whose PHI was released during the course of this proceeding, and/or dispose of any PHI retained thereafter pursuant to the Privacy Standards. All Confidential Matter produced during the course of this proceeding shall be returned to the producing party within sixty (60) days of the final termination of this action, and shall continue to be protected pursuant to the terms of this Protective Order after termination of this case. If the Confidential Matter is not timely returned, the producing party shall attempt in good faith to obtain the

      Confidential Matter, which shall include a request in writing. If the Confidential Matter is not then returned, the producing party may petition the Court for the costs and fees of compelling such return.

4. The individual pages of each document designated as Confidential Matter shall bear the following designation, or equivalent:

> **"CONFIDENTIAL"**
> or
> **"CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN 08 C 0621"**

      No document containing the "confidential" stamp or any identifying number shall be copied in whole or in part without the "confidential" designation appearing on the copy.

5. Before disclosing PHI documents and/or Confidential Matter to any persons involved in the litigation, including but not limited to counsel, co-counsel, counsel's staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing PHI and/or Confidential Matter to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order.

6. To the extent that a Party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any Confidential Matter and the face of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of information redacted (for example, social security number).

7. By this Protective Order, the discovering Party does not waive its right to make application to the court, with proper notice, under the procedure set out by the court or under applicable rules, to the responding Party and other Parties to the litigation, for a determination that any document designated as PHI and/or Confidential Matter produced by the responding party does not contain sensitive and non-public information, or that in certain circumstances the information should be released from the provisions of this Protective Order. If a dispute does arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this Protective Order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve the dispute by agreement before asking the court to resolve the dispute

  pursuant to the applicable Federal Rules of Civil Procedure. The standard relevant to this determination is that of "good cause" under Fed.R.Civ.P. 26(c).

8. Only the following individuals will be allowed to view Confidential Matter: the undersigned attorneys, their co-counsels, legal staff, or expert or consulting expert witnesses retained in connection with the litigation. The undersigned counsels will be responsible for informing each such person that these files are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order. Any Confidential Matter used at any deposition shall be placed in a segregated transcript designated as "Confidential" pursuant to this protective order.

9. Confidential Matter may not be used at the deposition of any non-party witness, with the exception of a retained expert witness, taken in the course of litigation without prior written consent of all counsels of record. In the event all counsels agree to the use of certain Confidential Matter at the deposition of a non-party witness, such documents may be used for purposes of litigating the present case only. The counsel who uses such Confidential Matter with the witness will be responsible for informing each such witness that these files are confidential, to be held in confidence, are to be used solely for the purpose of this litigation and further, that these restrictions are imposed by a court order.

10. Nothing in this Protective Order shall be deemed a waiver of the right of any Party to object to a request for discovery on the basis of relevance, materiality, privilege, over breadth or any other recognized objection to discovery.

11. This Protective Order may be modified by further written stipulation signed by Parties with approval of this Court or by further order of this Court upon application to the Court with notice.

12. Counsel for the Parties are ordered to retain copies of all documents containing confidential information which are provided in discovery under the protective order. Documents containing confidential information shall **NOT** be filed with the Clerk of Court. Documents requiring the Court's review shall be submitted to chambers *in camera* in a sealed envelope bearing the caption of the case, case number, the title of the motion or response to which the submitted confidential information pertains, and the name and telephone number of counsel submitting the documents. The producing party shall maintain the original documents intact for any further review. A copy of the pleading, motion, or other document with confidential information redacted to leave an identified designated blank space in the pleading, motion, or other document shall be electronically filed with the Clerk of the Court for the record. No restricted or sealed document is to be filed with the Clerk of the Court unless leave of court to file the particular document(s) is specifically

        obtained by the Court.

13.     The parties understand that any interested member of the public can challenge the confidential designation of particular documents that have been filed under seal, and such person may file a motion to that effect with the clerk of this Court.

                              ENTER:_____
                                         JUDGE MATTHEW F. KENNELLY
                                         UNITED STATES DISTRICT COURT

**DATED:**