IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO SAFFORD, | ) | |
| | ) | Case No. 08 C 621 |
| Plaintiff, | ) | |
| | ) | Judge Kennelly |
| vs. | ) | |
| | ) | Magistrate Judge Mason |
| CITY OF CHICAGO, Chicago Police Officers ELIEL ROA, Star 8618, JERRY DOSKOCZ, Star 6573, JOSEPH GUNNING, Star 10547, KENNETH FLAHERTY, Star 13584, JESSE ARROYO, Star 18348, PHILLIP ORLANDO, Star 2208, LUIS SALDANA, Star 10316, and JAIRO VALERIANO, Star 10649. | ) ) ) ) ) ) ) ) | Jury Trial Demanded |
| Defendants. | ) | |

**DEFENDANT OFFICERS' ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, Eliel Roa, Jerry Doskocz, Joseph Gunning, Kenneth Flaherty, Jesse Arroyo, Phillip Orlando, Luis Saldana, and Jairo Valeriano ("Defendant Officers"), by and through one of their attorneys, Matthew R. Hader, Assistant Corporation Counsel for the City of Chicago, hereby submit the following Answer, Defenses and Jury Demand to Plaintiff's First Amended Complaint:

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

**ANSWER:** Defendant Officers admit the allegations contained in paragraph 1.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

**ANSWER:** Defendant Officers admit the allegations contained in paragraph 2 but deny any wrongful or illegal act.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** Defendant Officers admit that venue is proper but deny the remaining allegations contained in paragraph 3.

## Parties

4. At all relevant times, Plaintiff was a resident of Chicago, Illinois.

**ANSWER:** Defendant Officers, upon information and belief, admit the allegations contained in paragraph 4.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** Defendant Officers admit the allegations contained in paragraph 5 but deny and wrongful or illegal conduct.

6. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** Defendant Officers admit the allegations contained in paragraph 6 but deny any wrongful or illegal act.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:** Defendant Officers admit the allegations contained in paragraph 7.

## Facts

8. On or about September 16, 2006, Plaintiff was driving his car near 1600 West Garfield Boulevard in Chicago.

**ANSWER:** Defendant Officers admit the plaintiff was driving a car near 1600 West Garfield Boulevard in Chicago on September 16, 2006, but deny the remaining allegations contained in paragraph 8.

9. Chicago police officers saw Plaintiff driving his car. The officers wanted to stop Plaintiff.

**ANSWER:** Defendants Doskocz, Gunning, and Flaherty admit seeing plaintiff driving a car and admit that they wanted to stop plaintiff. Defendants Doskocz, Gunning, and Flaherty deny the remaining allegations in paragraph 9 and further, lack knowledge and information sufficient to form a belief as the truth of the remaining allegations in paragraph 9 as they pertain to any other Chicago police officers. Defendants Roa, Arroyo, Orlando, Saldana, and Valeriano deny the allegations contained in paragraph 9 as they pertain to them. Defendants Roa, Arroyo, Orlando, Saldana, and Valeriano lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9.

10. Plaintiff drove away from the officers.

**ANSWER:** Defendants Doskocz, Gunning, and Flaherty admit the allegations contained in paragraph 10. Defendants Roa, Arroyo, Orlando, Saldana, and Valeriano admit, upon information and belief, the allegations contained in paragraph 10.

11. When Plaintiff stopped his car, he was hit from behind by a police vehicle being driven by Defendant-Officer DOSKOCZ.

**ANSWER:** Defendants Doskocz, Gunning, and Flaherty deny the allegations contained in paragraph 11. Defendants Arroyo, Roa, Orlando, Saldana, and Valeriano were not present and therefore lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11.

12. Plaintiff got out of his car and ran.

**ANSWER:** Defendants Doskocz, Gunning, and Flaherty admit the allegations contained in paragraph 12. Defendants Arroyo, Roa, Orlando, Saldana, and Valeriano admit, upon information and belief, the allegations contained in paragraph 12.

13. Defendants GUNNING and FLAHERTY, along with other Defendant-Officers

3

chased Plaintiff.

**ANSWER:** Defendants Gunning admits he chased plaintiff. Defendant Doskocz admits he chased plaintiff. Defendants Roa, Flaherty, Arroyo, Orlando, Saldana, and Valeriano deny the allegations contained in paragraph 13 as they pertain to them. Defendant Officers lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13.

14. Defendant-Officers eventually caught Plaintiff.

**ANSWER:** Defendants Doskocz and Flaherty admit the allegations contained in paragraph 14. Defendants Roa, Gunning, Flaherty, Arroyo, Orlando, Saldana, and Valeriano deny the allegations contained in paragraph 14 as they pertain to them. Defendant Officers lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14.

15. After they caught Plaintiff, Defendant-Officers severely beat him.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 15.

16. Defendant Orlando was the supervising officer at the scene.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 16. Answering further, Defendant Orlando denies he was present at the time and place where plaintiff was taken into custody.

17. After the beating, Plaintiff was taken to the 9th district police station by Defendants ROA and ARROYO.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 17.

18. At the station, Plaintiff was given another severe beating by Defendant-Officers.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 18.

4

19. The police took Plaintiff to Mercy Hospital to receive treatment for the injuries from the multiple police beatings.

**ANSWER:** Defendant Officers admit, upon information and belief, that plaintiff was taken to Mercy Hospital. Defendant Officers deny the remaining allegations contained in paragraph 19.

20. An Office of Professional Standards complaint was made; the case was assigned C.R. number 315566. An OPS investigator took pictures of Plaintiffs injuries.

**ANSWER:** Defendant Officers lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiffs rights.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 21.

22. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including emotional distress, physical pain and suffering, and pecuniary damages including medical expenses.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 22.

## COUNT I
### (42 U.S.C. § 1983 - Excessive Force)

23. Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

**ANSWER:** Defendants restate their Answers for paragraphs 1 through 22 herein as their Answer to paragraph 23 of Count I as if fully stated herein.

24. Defendant-Officers violated Plaintiffs Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 24.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count I, for the costs of defending this suit, including

attorney's fees and other such relief as the Court deems just and appropriate.

## COUNT II
### (42 U.S.C. § 1983 - Failure to Intervene)

25. Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

**ANSWER:** Defendants restate their Answers for paragraphs 1 through 22 herein as their Answer to paragraph 25 of Count II as if fully stated herein.

26. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 26.

27. Defendant-Officers were deliberately indifferent to Plaintiffs right to be free from excessive and unreasonable force.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 27.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count II, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

## COUNT III
### (Indemnification Claim pursuant to 745ILCS 10/9-102)

28. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 28.

29. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 29.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count III, for the costs of defending this suit, including

attorney's fees and other such relief as the Court deems just and appropriate.

## DEFENSES, 12(b)(6) DEFENSES and AFFIRMATIVE DEFENSES

1. Defendant Officers are entitled to qualified immunity. Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful in light of clearly established law and the information that Defendant Officers possessed. Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

2. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful or wanton behavior, as opposed to "intentional" willful or wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See Poole v. City of Rolling Meadows*, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill.Dec. 171 (Ill. 1995).

3. To the extent plaintiff failed to mitigate any of his claimed injuries or damages, evidenced by, but not limited to, plaintiff's refusal of medical treatment, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate and commensurate with the degree of that failure to mitigate attributed to plaintiff by the jury in this case.

4. Plaintiff's Counts I and II should be dismissed for failure to state a claim pursuant to the Fed. R. Civ. P. 12(b)(6). Plaintiff has failed to present sufficient information and

allegations to support such claims and has further failed to identify any particular individual who he accuses of committing such acts. Counts I and II should therefore be dismissed for failure to state a claim.

Respectfully submitted,

 s/ Matthew R. Hader
MATTHEW R. HADER
Assistant Corporation Counsel

30 North La Salle Street, Suite 1400
Chicago, Illinois 60602
(312) 742-9586
matt.hader@cityofchicago.org
Atty. No. 06284330

## CERTIFICATE OF SERVICE

I, Matthew R. Hader, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF FILING** and **DEFENDANT OFFICERS' ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT,** to be sent via e-filing to the person(s) named in the foregoing Notice, a "Filing User" pursuant to Case Management/Electronic Case Files, on July 8, 2008, in accordance with the rules governing the electronic filing of documents.

       s/ Matthew R. Hader
       MATTHEW R. HADER
       Assistant Corporation Counsel